IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JUN 8 - 2001

Michael N. Milby, Clerk

| | | |
|---|---|---|
| LABOR FORCE, INC. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-01-058 |
| | § | |
| JACINTOPORT CORPORATION | § | |
| and JAMES MCPHERSON | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE AND ORDERING SUBSTITUTION OF COUNSEL-OF-RECORD

On June 6, 2001, Defendant Jacintoport Corporation filed a Rule 12(b)(3) Motion to Dismiss or in the Alternative to Transfer for Improper Venue. See Fed. R. Civ. P. 12(b)(3); see also 28 U.S.C. § 1406(a). Defendant's Motion contends that venue in the Galveston Division of the Southern District of Texas is improper, but that venue in the Houston Division of this Court is proper. Accordingly, Defendant seeks a dismissal or, alternatively, a transfer to the Houston Division of this Court's Judicial District.

Manifestly, any person with even a correspondence-course level understanding of federal practice and procedure would recognize that Defendant's Motion is patently insipid, ludicrous and utterly and unequivocally without any merit whatsoever. Worse, it is just plain blatantly wrong in light of the unambiguous language of a decades old federal statute and veritable mountains of case law addressing venue propriety. See 28 U.S.C. § 1391; see also,

1

e.g., <u>Lowery v. University of Houston--Clear Lake</u>, 50 F. Supp. 2d 648, 649 (S.D. Tex. 1999). The federal venue statute hopelessly incorrectly interpreted and cited by Defendant provides that venue is proper in:

> (1) a judicial **DISTRICT** where any defendant resides, if all defendants reside in the same State, (2) a judicial **DISTRICT** in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial **DISTRICT** in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b) (emphasis added, as it is apparently needed by blithering counsel!) As the heightened letters above indicate, the venue statute speaks in terms of <u>districts not divisions</u>. Thus, if venue is proper in the Houston Division of the Southern District of Texas it is *ipso facto* proper in the Galveston Division--as well as in the Divisions of Corpus Christi, Victoria, Brownsville, McAllen and Laredo. Whether a case might be more conveniently prosecuted in one <u>Division</u> versus another is a question left to analysis under 28 U.S.C. § 1404(a). Defendant's obnoxiously ancient, boilerplate, inane Motion is emphatically **DENIED**.

      Moreover, Defendant's present counsel-of-record, Mr. Eric G. Carter is determined to be disqualified for cause from this action for submitting this asinine tripe. In his place, the Court hereby **ORDERS** that Mr. Brandon Mosley of Mr. Carter's lawfirm be **SUBSTITUTED** as attorney-in-charge for Defendant. Mr. Carter shall appear no further in the present matter.

**IT IS SO ORDERED.**

**DONE** this 2nd day of June 2001, at Galveston, Texas.

_____
SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE

3